**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Janice Lee Galloway,

               Plaintiff,

v.

Commissioner of Social Security Administration,

               Defendant.

No. CV-23-01984-PHX-DLR

**ORDER**

On May 6, 2019, Claimant Janice Lee Galloway filed applications for Social Security Disability Insurance ("SSDI") benefits, alleging a disability beginning August 5, 2016. (AR. 5154.) Her last insured date was June 30, 2019. (AR. 15.) The Social Security Administration denied her claim initially and again on reconsideration. (AR. 87, 103.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 5201–13.) The Appeals Council denied review of the decision (AR. 5220–22), so Galloway appealed to this Court. The Court remanded for further proceedings. *Galloway v. Comm'r of Soc. Sec. Admin.*, No. CV-20-02075-PHX-JJT, 2022 WL 1448333, at *5 (D. Ariz. May 9, 2022).

Galloway filed a subsequent application for SSDI benefits while her appeal was pending, and that claim was consolidated on remand. (AR. 5238, 5320.) She went through the process again, and after rehearing, the ALJ issued another unfavorable decision. (AR. 5151–77.) The Appeals Council again denied review, making the ALJ's finding the final

1    decision of the Commissioner of the Social Security Administration. (AR. 5141–47.)
2    Galloway seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).
3    For the following reasons, the Court reverses the ALJ's decision and remands the case for
4    further proceedings.

5    **I.    Five-Step Process**

6        To determine whether a claimant is disabled, the ALJ engages in a five-step process.
7    20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps,
8    but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094,
9    1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging
10   in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines
11   whether the claimant has a "severe" medically determinable physical or mental
12   impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's
13   impairment or combination of impairments meets or medically equals an impairment listed
14   in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the
15   claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step,
16   where he assesses the claimant's residual functioning capacity ("RFC") and determines
17   whether the claimant is still capable of performing past relevant work. *Id.* §
18   404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ
19   must determine whether the claimant can perform any other work in the national economy
20   based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v).
21   If not, the claimant is disabled. *Id.*

22   **II.   Legal Standard**

23       This Court reviews only those issued raised by the party challenging the ALJ's
24   decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual
25   findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S.
26   Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than
27   a mere scintilla" and "means—and means only—such relevant evidence as a reasonable
28   mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and

citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Still, this Court cannot affirm the ALJ's decision based on grounds on which the ALJ did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

### III.    Analysis

Galloway raises two issues for the Court's consideration: (1) whether the ALJ properly evaluated the opinion of her examining physician, Svetlana Pedenko, M.D., and (2) whether the ALJ properly evaluated Galloway's symptom testimony. The Court addresses each issue in turn.

### a.  Dr. Pedenko's Opinion

Galloway asserts that the ALJ failed to "provide a sufficient explanation supported by substantial evidence" to discount Dr. Pedenko's opinion. (Doc. 13 at 19.) For claims filed on or after March 27, 2017, including Galloway's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive she finds them. *Id.* § 416.920c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but he need only articulate in his decision his findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 416.920c(b)(2). Supportability examines the relevant objective medical evidence and supporting explanations presented by the source. *Id.* § 404.1520c(c)(1). Consistency examines the evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). For claims to which these regulations apply, ALJs are also not required to provide "clear and convincing" or "specific and legitimate" reasons to reject a treating physician's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ's evaluation of each medical opinion must be supported by substantial evidence. *Id.*

Dr. Pedenko completed a form that indicated that, in an eight-hour workday, Galloway could: sit more than three but fewer than four hours; lift more than fifteen but fewer than twenty pounds; stand or walk fewer than two hours; and could carry more than fifteen but fewer than twenty pounds. (AR. 7688.) Dr. Pedenko assessed that Galloway would need to alternate sitting, standing, and walking every twenty-one to forty-five minutes; could only occasionally use her right hand; and could use her left hand for a maximum of twenty percent of a single workday. (*Id.*) Further, Dr. Pedenko opined that Galloway would be off task much of the day, would need to rest often, and would miss more than six workdays per month. (AR. 7689.) These limitations would be work preclusive. Dr. Pedenko based her opinion on her examination of Galloway, a range of motion examination, and Galloway's subjective report about her conditions. (*See* AR. 7682–87.)

The ALJ found Dr. Pedenko's opinion unpersuasive. (AR. 5165.) He explained that the opinion appeared on a check-box form with no "narrative explanation, reasoning, or citation to objective evidence or laboratory findings[.]" (*Id.*) He noted that the limitations were in line with the claimant's subjective reports of symptoms and were unsupported by Dr. Pedenko's notes. (*Id.*) He then stated that the opinion "is not consistent with the overall objective evidence of record and level of daily activities[.]" (*Id.*)

The ALJ committed legal error by failing to properly address the supportability or consistency of the opinion. As for supportability, the fact that an opinion appears on a check-box form does not necessarily make it unreliable. *See Trevizo v. Berryhill*, 871 F.3 664, 677 n.4 (9th Cir. 2017) (noting there is "no authority that a 'check-the-box' form is any less reliable than any other type of form"). Though an ALJ fairly may discount an opinion with no accompanying explanation, *see* 20 C.F.R. § 404.1520c(c)(1), that was not the case here. In addition to the form, Dr. Pedenko provided documentation of her examination of Galloway, which noted limited ranges of motion, listed Galloway's diagnoses, and stated that Dr. Pedenko reviewed Galloway's records. (*See* AR. 7684–87.) The ALJ did not address this documentation and thus failed to properly evaluate the

supportability of the opinion.

As for consistency, the ALJ did not identify any specific evidence in the record that was inconsistent with Dr. Pedenko's opinion. Merely stating that the opinion is inconsistent with other evidence in the record and the claimant's daily activities is insufficient. And the Commissioner cannot salvage the decision by pointing to evidence that *could* be inconsistent with the opinion. It is the ALJ's responsibility to identify and highlight the inconsistencies in his decision. *See Boyd v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08340-PCT-DRL, 2022 WL 3152492, at *5 (D. Ariz. Aug. 8, 2022). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ, not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). By failing to properly assess the supportability and consistency of Dr. Pedenko's opinion, the ALJ erred.

### b. Galloway's Symptom Testimony

Proper evaluation of a claimant's symptom testimony requires the ALJ to perform a two-step analysis. *Garrison*, 759 F.3d at 1014. First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2017). If the claimant presents such evidence and absent evidence of malingering, the ALJ may reject the claimant's testimony as to the severity of her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.*; *Garrison*, 759 F.3d at 1015.

The Court will uphold the ALJ's decision so long as he has provided legally sufficient reasons for rejecting the claimant's testimony, even if the ALJ did not "clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). "Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004)

(quotations and citation omitted).

Galloway testified that she has chronic pain in her back, hip, feet, and hands. (AR. 5185.) With her right hand, she has trouble gripping or lifting things over ten pounds. (AR. 5187.) She also gets migraines. (AR. 5185.) She testified that she cannot stand in one spot, sit, or walk for longer than fifteen minutes. (*Id.*; AR. 51.) She also testified that she must lay down for at least an hour every day. (AR. 5187.) The ALJ discounted Galloway's testimony as to the "intensity, persistence, and limiting effects" of her symptoms. (AR. 5161).

The ALJ's assessment of Galloway's symptom testimony is supported by substantial evidence. The ALJ found Galloway's symptom testimony was inconsistent with (1) the objective medical evidence, (2) Galloway's treatment records, and (3) Galloway's daily activities. (AR. 5161–64.) These are all proper considerations in analyzing symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

The ALJ noted mostly normal examination findings, including normal ranges of motion in the upper and lower extremities and the lumbar. (AR. 5162.) He also noted that Galloway had a normal heel/toe gait, normal muscle tone, and full muscle strength in all muscle groups. (*Id.*) He contrasted these findings with Galloway's testimony, noting that those findings did not support the alleged severity of Galloway's impairments. (*Id.*) "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by the objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disability effects." *Rollins*

*v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ properly considered the objective medical evidence with other factors in deciding to discount Galloway's testimony.

The ALJ also focused on Galloway's significant improvement with treatment, noting that she experienced between fifty and ninety percent improvement of pain in her neck and low back with various treatments. (AR. 5162 (citing AR. 7475, 7634, 7415).) Galloway argues that consideration of her improvement with treatment was inappropriate because other evidence demonstrates she still struggled with pain. (Doc. 13 at 21.) But impairments "that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ identified substantial evidence in the record suggesting significant improvement and consistent pain management with treatment, and that evidence is sufficient to discount Galloway's claims of severe symptoms.

Finally, the ALJ discussed Galloway's daily activities, including driving regularly, caring for her dog, doing laundry, picking up her daughter from school, and doing simple housework. (AR. 5163.) An ALJ may properly consider those activities even when they suggest some difficulty functioning "to the extent they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by statute*. Such is the case here. For instance, Galloway claimed she is unable to sit for more than five to ten minutes, but she testified that she often drives and picks up her daughter from school (AR. 5185), which necessarily includes sitting for longer periods. Though she testified to trouble gripping, she regularly does her own laundry, walks her dog, and does housework, all of which would require gripping frequently. The ALJ also found Galloway's claim of debilitating impairments at odds with her records of extensive travel over the relevant period. (AR. 5163–64.) Travel may not always undercut symptom testimony, but where, as here, the ALJ has discussed the length and frequency of the travel and properly explained *why* it contradicts the claimant's claims,

consideration of travel is permissible. *See Petty v. Astrue*, 550 F. Supp. 2d 1089, 1101 (D. Ariz. 2008) (noting that an ALJ may base an adverse credibility determination on travel if the ALJ makes specific findings relating to the activities).

### IV.    Conclusion

Galloway requests the Court remand for an award of benefits, rather than remanding for further proceedings. Generally, "[i]f additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). But the Court may, in its discretion, remand for a calculation of benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.

Further administrative proceedings would be useful in this instance. Though the ALJ did not provide substantial evidence to support his evaluation of Dr. Pedenko's opinion, the Commissioner highlighted evidence that could support such a conclusion. Moreover, the ALJ's rejection of Galloway's symptom testimony was proper and supported by substantial evidence, raising doubt about whether Galloway is indeed disabled. Thus, the Court will remand for further proceedings to resolve those outstanding issues.

**IT IS ORDERED** that the ALJ's decision (AR. 5151–67) is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

Dated this 25th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge